Ejectm’t for the moiety of 864a of Land A special Verdict is found Upon which the case is “ John Smither seised of the said 864a in fee & having issue 8 Sons devises as follows “ I give “ to my Wife all my full & whole Estate moveables & immove- “ ables so long as she lives the wife of John Smither And at her *B131 “ death All to be equally divided among their Children only ‘ ‘ Moses Smither I give & bequeath besides one young Cow & ‘ ‘ more I give & bequeath to my Son Ambrose one feather bed & “ furniture & one young Mare & then the full & whole Estate
‘ to be equally divided amongst them under before as the Land “ & all ” [sic]
The Sons entered & were seised & 3 of the younger Robert Richard & Ambrose sold & conveied their right to their Bro’r Moses who is dead & the Lessor is his Heir The Deft. John is the eldest Son of Testor.
The question in point of Law is Whether the Sons by the devise to them have an Estate in fee or for life only
But the Verd’t is very imperfect It is not found that the testor’s wife is dead And by the words of the Will the Sons can have nothing till after her death The Lessor cannot therefore have Judgm’t on this Verd’t.
[122] Then the County Court have given Judgm’t for a Moiety of the 864a whereas if the Sons take an Estate in fee it is plain the Lessor is not intitled to so much for Moses her fa’r is expressly excluded by the Will She has only the right of 3 of the other Sons There were 7 besides Moses She cannot then be intitled to more than 3 sevenths The County Court have therefore certainly erred in giving Judgm’t for a Moiety And the Judgm’t must be reversed
But I conceive the question in point of Law is ag’st the Lessor And that the Sons have only an Estate for life by the devise above & that the Reversion descended to the heir at Law the Deft.
The testor devises his full & whole Estate moveables & immoveables to his wife for life if she continued his Widow for so it must be understood And at her death Ali to be equally divided among their Children Then gives some particular Legacies & concludes thus Then the full and whole Estate to be equally divided amongst them under before as the Land & all.
These are all the words of the Will that concern the present question By the first words “ his full & whole Estate moveable & immoveable ” there is no doubt but his Lands will pass And so in consequence they will by the word all in the devise to the Children but then there are no words to shew what Estate or interest in this All the Children are to take It is only to them *B132 to be equally divided No mention of heirs or any other word to shew the testor intended an Estate of Inheritance or any more than an Estate for life As to the words “ equally to be divided” they import no more than that the Children shall hold separately but do not shew how long they shall hold Nor is there anything in the latter part of the Will that shews any intention to give an Estate of Inheritance to the Children or more than an Estate for life the words import no more than what was sayed before “ My full & whole Estate is to be equally “ divided between them under before as the Land & all.” The words (under before as) are insensible but the whole clause can import no more than this My full & whole Estate to be equally divided as before the Land & all So that it is only repeating what was sufficiently expressed before with this difference only that the Land was not expressly mentioned before thó’ it.was sufficiently implied by the word immoveable There is nothing here any more than in the former part of the Will to shew what interest or Estate in the Land the Children shall have
It is a common doctrine & not to be denied that the intention of the Tes’tor is the rule for expounding provided this intention be sufficiently expressed in the Will & is not contrary to the rules of Law but where the intent is not plain the same construction is made of Wills as of Deeds Wilds Case.
Upon this account the Law dispenses with all form in Wills Nor are the sarfie words necessary to create an Estate of Inheritance upon a Will as upon a Deed. Yet there must be some word or expression in the Will to shew a tes’tor intends such an Estate Or else it will no more [123] pass by a Devise than it will by a Conveiance
And I take it to be a settled rule in the construction of Wills that if a man devises his Lands or all his Lands to another without more or without adding some word whereby it may appear he intended more than an Estate for life that only an Estate for life passes by such a Devise 1. Sal. 235.
Barry & Edgworth Eq. abr. 178. agr’d
The words here are “ All to be equally divided among my Children ” Neither the word (All) nor the words (equally to be divided) shew any intent that the Children should have longer thanYor life The word (All) can only import All the particulars before specified that are given to the wife as I shall shew more *B133 fully presently And (equally to be divided) import only that they shall hold separately but not how long as has been adjudged in many instances
A man devised Lands to his Sons & Daughters to be equally divided And held They had only an Estate for life & not in fee for the equal division does not go to the continuance of the Estate but to the several occupations 1. Ro. Abr. 834. 13. By Coventry L’d Keeper upon advice with Justice Jones who certified the Law to be so.
A man having three dauters devised his Land to his wife for life & after'his death to his three daughters to be equally divided Adj’d that his dauters had only an Estate for life King vs. Rem-ball 1. Ro. Abr. 834. 1.
This is exactly the Case here
One devised all his Lands & Goods after his debts & Legacies paid to R. T. & M. his Children to be equally divided between them Adj’d only an Estate for life passed to the Children Dickens vs. Marshall Cro. El. 330. Mo. 594. pl. 804. S. C.
These Cases sufficiently prove that the words equally to be divided do not enlarge an Estate given but refer only to the several occupation But then here are the Words my full & whole Estate in the first part part of the Will in the Devise to the wife And also the same words with the addition of Lands & all in the latter part of the Will And these are the words if any that can possibly carry a fee But I conceive they cannot by any reasonable intendment or construction in this Case
I shall readily agree that if a man devises All his Estate or his full & whole Estate as here or all the residue of his Estate without more that a fee will pass by such Words And this is all that can be collected from the great Case betw. the Countess of Bridgwater & the D — ss of Bolton 1. Sal. 236. & 6. Mod. 106. Tho’ in that Case It was not those words alone which influenced the Opinion of the Court There was a power given by the Will to the E. of Bridgwater the Devisee to give to his Children as he thought convenient which further evinced the tes’tor intended a fee
But I conceive a great difference betw. a Devise in that manner & this now before us
It is certain that the word Estate in a Will may sometimes [124] comprehend both the thing & the tes’tors interest in it but it is as certain that it sometimes signifies only the thing & not the interest of the tes’tor in that thing
*B134 Where a man gives all his Estate without more it is reasonable to suppose he intends both the thing & the interest but where a man gives all his Estate for life There it "is plain he can’t intend all his whole interest & therefore Estate in that case can be intended only of the thing
In the Case of Hanchet & Thekwall 3. Mod. 104. the Devise was thus I give & bequeath to my Son Nich my Houses in West-m’r And if it please God to take away my Son Then I give my four dau’ters share & share alike Here the word Estate referring to the Houses it was held & agreed that the tes’tor could not mean his interest but only the Houses & that therefore by those words the dau’ters took only an Estate for life
Now in this Case I apprehend it to be extreemly plain that the tes’tor by the word Estate meant only his Lands & Goods & not his interest in them He gives his full & whole Estate moveables & immoveables to his wife for life I would ask what Idea it can be supposed the tes’tor annexed to the term Estate here Certainly he could not mean his interest in his Estate because he gives it to his wife for life only He must then understand by it the thing only which indeed he has further explained by adding the words moveable & immoveable And it is in effect no more than if he had sayed I give my Lands & Goods to my Wife for Life.
Then follows after my wife’s decease all to be equally divided among my Children All what ? Why all his Lands & Goods or his Estate moveable & immoveable for they are the same Not all his interest in the lands & goods The word All must necessarily refer to the things the particulars before specified
And it appears by the case of Dickens & Marshall before cited that where a man devised All his Lands & Goods after his debts & Legacies paid to be equally divided among his Children that they had only an Estate for life And the same point appears in Pettywood & Coke Cro. El. 53. post.
The latter words in the Will are the same in substance with those that go before. After giving some legacies he says Then the full & whole Estate to be equally divided among them (under before as) Land & all Now what can be the full & whole Estate meant here but that he had mentioned before & given to his wife When a man makes use of the same expression twice in the same Will it is reasonable to suppose he means the same thing in both places It is I think beyond all question that by *B135 the words full & whole Estate in the devise to his wife he could mean only the thing that is his Lands & Goods & not his interest in them And must we not then suppose he meant the same thing in the latter part of his Will The insensible words “ under before as ” which I think must be understood as before plainly refer to the former devise If then the former Devise does not carry a fee Neither can this And here by the addition of the Words “ Land & all ” I think it is still further [125] evident that by Estate he meant his Land & not his interest in it And if so there are no words to give the Children more than an Estate for life
If it be objected that the tes’tor perhaps might think that by giving all his Lands & Goods to his Children in fee would pass 1 answer a tes’tors intention is to be collected from the words of his Will & not from suppositions & imaginary notions The Law gives a favourable interpretation to Wills upon a supposition that they are made in a Mans last moments when he has not opportunity for good advice but we are not for this reason to make any construction that cannot be fairly collected from the words of the Will
When a Man gives all his Lands & Goods to his Children & sayes no more It is reasonable enough to suppose he intends them a fee in the Lands but as there are no words to manifest that intention they can take only an Estate for life And the Devise here is no more in effect It is true the word Heirs is not necessary to carry a fee as it is in a Deed but there must be some words as forever the word Assigns or the like to shew more than an Estate for life was intended In this Case the Devise is only to the Children to be equally divided And as those words do not enlarge the Estate there are no other words that can
I will mention one Case more where we have the words all & the words equally to be divided And yet the Devisees were Adj’d to have only an Estate for life. It is
Pettywood & Coke Cro. El. 53. 1. Leon. 129. 193. & 3. Lev. 180. s. c. which was thus a man seised of 3 Messes & having a wife & 3 Children Rob’t Christian & Joan devised all his Messes to his wife for life Rem’r of one to Rob’t & his Heirs of another to Christian & her Heirs & of the third to Joan & her heirs. And if any of them die without issue Then the other surviving shall have totam illam partem All that part betw. them to be equally divided
*B136 Robt. died without issue Joan survived And it was held that she had only an Estate for life in Rob’ts part notwithstanding the words All & equally to be divided
I shall conclude with a known rule of Law that the Heir is to be favoured & especially in doubtful Cases We claim under the Heir The Case at best is but doubtful whether the tes’tor intended a fee to his Children And therefore I hope the Court will not disinherit the Heir whom the Ancestor is always presumed to favour without a manifest intention appearing to the contrary
Judgm’t affirmed viz that the Sons took a Fee
Vid Mercers Notes where Francis fr Appellee cited sev’l Cases.